Matthias, J.
The question now presented arose only out of causes of action nine, ten and eleven, in which the company seeks to recover damages from the city for its alleged failure to perform its implied contract with reference to the supervision and care of the waterworks plant, after the city, under the express provisions of its contract set out in the foregoing statement, had assumed operation of the plant or a portion thereof, and pending the acceptance of the same by the city. The company seeks to recover the amount it claims to have necessarily expended during such period for the service of an engineer to supervise changes, made necessary to secure proper operating conditions, and for labor and repairs furnished because of the failure of the city to have its engineer on the work giving orders, advice and instructions, and because it failed to supervise, care for and maintain said machinery and pumping equipment, and to employ adequate and sufficiently skilled labor to safely operate same. The company’s claim is based upon its contention that the expenditures which it seeks to recover were made by reason of the city’s failure in the respects stated, and in order *635 that the plant be maintained in the condition as installed until accepted by the city.
It is quite clear that the employment of an engineer and of labor because of failure of the city to furnish proper engineering supervision and “adequate and sufficiently skilled labor” was not pursuant to or by reason of any express provision in the original contract. There is no reason for the contention that the city made any valid contract, or any contract, for such engineering supervision or additional labor. That is not claimed, and the company relies entirely upon the so-called implied contract of the city, arising from its action in operating while the plant was undergoing trial and test and before acceptance in accordance with the express terms of the contract. Yet considerable evidence, including correspondence between the parties, tending to indicate an agreement upon the part of some city officials to pay for certain of the items in controversy, was permitted to be introduced, which would have warranted a reversal of the judgment by the court of appeals on at least one of the causes of action. That court, however, found as a matter of law that the judgment on causes of action nine, ten and eleven, except to the extent above stated, “is contrary to law, solely because municipal liability cannot be founded upon implied terms of an expressed contract and the expressed terms of the contract in question do not give rise to the implications contended for by defendant in error.” We are in harmony with the conclusion of the court of appeals in this respect.
Having reference to the ninth cause of action, that asserting a claim for compensation of an engineer *636 whom the record discloses was employed by the company to ascertain the cause of and suggest a remedy for the failure of pumps installed by the company to perform their proper function, which fault was ascertained and corrected, the record amply supports the city’s contention that this was done to meet the company’s obligation under its contract; but if it be assumed that a service was thereby rendered to the city, which was not within the requirement of the company’s contract, the suit to recover such compensation is not based upon the contract, but merely upon quantum meruit, and cannot be recovered. City of Wellston v. Morgan, 65 Ohio St., 219, and Mehurin & Son v. Stone, 37 Ohio St., 49, 55.
Having reference further to the tenth and eleventh causes of action, there is no express provision in the contract relative to the expense of operation of any portion of the plant which the city was, under its terms, permitted to use, pending acceptance. Presumably it would be at the city’s expense, but there was no warrant for the company to volunteer to provide labor or materials for the benefit of the city, and it could not, for the reasons above stated, volunteer such service and maintain an action as upon quantum meruit.
The contract requires the contractor to care for the plant pending acceptance, “and, in case of his absence from the work, must have a duly qualified person to take care of it.” We are unable to see how from the express provisions of the contract there arises any right or authority upon the part of the company to employ ‘ ‘ additional labor, ’ ’ claimed now to have been necessary to supplement the labor furnished by the city, or to procure supplies, etc., nec *637 essary for the safe operation of the machinery and pumping equipment, and recover the cost thereof with an arbitrarily added ten per cent. No damage accrued to the plant, but the company anticipated that if the additional supervision, skilled labor and supplies were not provided, injury to the plant would result, and it continued to do so voluntarily and without any legal contract therefor.
For the reasons stated, we are of opinion that there was no right of recovery either as to the ninth, tenth or eleventh cause of action. The judgment of the court of appeals will therefore be affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Bobinson, Jones and Clark, JJ., concur.
YCanamaker, J., took no part in the consideration or decision of the case.